UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:16-cv-23811-CMA

LEONARDO WELLINGTON NIEVES CRUZ a/k/a WILLIE CORNEJO and all others similarly situated under 29 U.S.C. §216(b),

    Plaintiff,

v.

WARRIOR AIR, INC. d/b/a RAMONA MOTEL; FERNANDO MILLON; LUZ STELLA MILLON,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

    Defendants, WARRIOR AIR, INC.; FERNANDO MILLON; and LUZ STELLA MILLON, by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

    1.    Admitted that the Complaint alleges violations of the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

    2.    Defendants are without independent knowledge of the facts alleged in this Paragraph, but presume them to be true.

    3.    Admitted that WARRIOR AIR, INC. is a corporation that regularly transacts business within Miami-Dade County. Denied that WARRIOR AIR, INC. had an employment relationship with Plaintiff.

    4.    Admitted that FERNANDO MILLON is a corporate officer and owner of WARRIOR AIR, INC. All other allegation in this Paragraph, with respect to Plaintiff are denied.

5. Admitted that LUZ STELLA MILLON is a corporate officer and owner of WARRIOR AIR, INC. All other allegation in this Paragraph, with respect to Plaintiff are denied.

6. Admitted for venue purposes only.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. Admitted that this Count alleges the violation of a United States law. All other allegations are denied.

8. Denied.

9. This paragraph does not contain a factual allegation to which a response is needed. The referenced statute speaks for itself and is the best evidence of its content.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

Defendants restate and adopt their responses to Paragraphs 1-17. Above, as if fully stated herein.

18. This paragraph does not contain a factual allegation to which a response is needed. The referenced statute speaks for itself and is the best evidence of its content.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

Plaintiff, even if worked for the Defendants, was not eligible for FLSA overtime and/or minimum wages pursuant to the FLSA and the Court lacks jurisdiction over the matter because Plaintiff was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage) during his relationship with WARRIOR AIR, INC. Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate commerce. See, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant). See also, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First*

3

*Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

### Third Affirmative Defense

Plaintiff, even if worked for the Defendants, was not a covered individual under §207 of the Fair Labor Standards Act of 1938, which provides for overtime wages, and the Court lacks jurisdiction over the matter, because Plaintiff was not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1). Specifically, WARRIOR AIR, INC.'s annual gross sales did not exceed $500,000.00 during the relevant time periods. See, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010)

### Fourth Affirmative Defense

Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in any workweek.

### Fifth Affirmative Defense

Plaintiff has not met all of the requirements to bring a collective action under the FLSA; he has not shown that there are other similarly situated individuals who are interested in participating in this lawsuit.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Seventh Affirmative Defense

Plaintiff is not entitled to compensation for hours he spent waiting to be engaged as that time was not spent primarily for the employer's benefit. See, e.g., *Lurvey v. Metropolitan Dade County*, 870 F. Supp. 1570 (S.D. Fla. 1994).

### Eighth Affirmative Defense

To the extent the corporate Defendant is found not to be liable, FERNANDO MILLON and LUZ STELLA MILLON, are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the corporate Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Ninth Affirmative Defense

Plaintiff's damages (if any) are barred to the extent they are *de minimis*.

### Tenth Affirmative Defense

Defendants are entitled to setoff for rent monies stolen by Plaintiff during the relevant time periods in the course of his relationship with the Defendants.

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees pursuant to 28 U.S.C. §1927, to the extent applicable.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 27th day of September, 2016.

>LUBELL & ROSEN, LLC
>*Attorneys for Defendants*
>200 S. Andrews Ave, Suite 900
>Ft. Lauderdale, Florida 33301
>Phone: (954) 880-9500
>Fax: (954) 755-2993
>E-mail:    adi@lubellrosen.com
>
>By: *s/Adi Amit*
>       Adi Amit, Esquire
>       Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>/s/ *Adi Amit*
>Adi Amit

## SERVICE LIST

*Leonardo Wellington Nieves Cruz, etc. v. Warrior Air Inc., etc., et al.*
S.D. Fla. Case No. 1:16-cv-23811-CMA

| | |
|---|---|
| Allyson Morgado, Esq. | Adi Amit, Esquire |
| Joshua Howard Sheskin, Esq. | LUBELL & ROSEN, LLC |
| Jamie H. Zidell, Esq. | 200 S. Andrews Avenue |
| J.H. ZIDELL, P.A. | Suite 900 |
| 300 71st Street | Fort Lauderdale, Florida 33301300 |
| Suite 605 | adi@lubellrosen.com |
| Miami Beach, Florida 33141 | *Counsel for Defendants* |
| amorgado.jhzidell@gmail.com | |
| jsheskin.jhzidellpa@gmail.com | |
| ZABOGADO@AOL.COM | |
| *Counsel for Plaintiff* | |

6